## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Rylea Homes, Inc.

v.

Breezewood, Inc.

July 14, 1994

Case No. C92-436

By Judge William H. Ledbetter, Jr.

The issue in this case is whether the sale of subdivision lots should be rescinded on the equitable ground of mistake because at the time of the transaction, the parties were not aware of federal wetlands legislation that affects the properties.

### Facts

Breezewood owned and developed Enchanted Woods, a residential subdivision in Spotsylvania County. By written agreement dated January 8, 1987, Breezewood agreed to sell and Rylea agreed to buy a number of lots in Enchanted Woods, subject to certain conditions set forth in the agreement. Over the next three years, Rylea "took down" lots under the agreement — that is to say, Rylea went to settlement on the lots, paid the purchase price, and received deeds. Rylea built houses on some of the lots.

This litigation concerns ten specific lots that Rylea "took down" under the agreement. Although some of these ten lots were filled and rough graded, no houses have been built on them.

In July of 1991, the U. S. Army Corps of Engineers notified Breezewood that a number of the lots in Enchanted Woods, including these ten lots that Breezewood had conveyed to Rylea, were subject to federal wetlands legislation. Breezewood was told that any improvements to such lots, even the fill work already done, required a permit under § 404 of the Clean Water Act.

As a consequence of the Corps's determination, the County building department has said that it will not issue building permits for the affected lots without a § 404 wetlands permit.

Rylea was informed of the situation. This suit for rescission was instituted several months later.

At trial, the parties agreed that nothing about wetlands was mentioned, orally or in any of the documents, at the time the agreement was negotiated (1986) and signed (1987) or during the time the lots in question were transferred from Breezewood to Rylea (1988 and 1989). In fact, the parties knew nothing about the federal wetlands legislation and did not even know what "wetlands" were.

## Decision

One of the favorite subjects of equity jurisprudence is relief against the consequences of mistake and accident. If a mutual innocent mistake about the substance of a contract is made by the parties, although neither party is guilty of fraud, equity has jurisdiction to rescind the contract. The basis of equity jurisdiction in such cases is that the minds of the parties never met because of the mistake, so there was really no mutual assent. A mistake against which equitable relief is available has been defined as some unintentional action, omission, or error arising from unconsciousness, ignorance or misplaced confidence. The mistake must be mutual, and it must go to the substance of the transaction. *See* 13A M.J., *Mistake and Accident*, §§ 1-3.

A mistake for which equity will grant relief is usually a mistake of *material fact* that goes to the essence of the parties' bargain. Generally, a mistake of *law* will not entitle a party to relief. This distinction arises from the presumption that every person knows or ought to know the law and will act upon it when he knows all the facts; thus, it is negligence for him to make a contract and then set up his ignorance of the law as an excuse. It is established, then, that ignorance of the law will not affect the contract of the parties or excuse them from the consequences of their acts unless this mistake is accompanied by circumstances of fraud, undue influence, or misplaced confidence. *Piedmont Trust Bank v. The Aetna*, 210 Va. 396 (1969); *Jennings v. Jennings*, 12 Va. App. 1187 (1991); 13A M.J., *Mistake and Accident*, §§ 5-6; 16 M.J., *Rescission, Cancellation and Reformation*, § 11.

The Clean Water Act was first enacted by Congress in 1972. Thereafter, the law was amended several times, regulations were promulgated and

later amended, and the Corps was designated to administer and enforce the law. Although apparently the Corps was not enforcing the wetlands legislation in certain areas (including Spotsylvania County) at the time of the sales of these lots, the fact remains that the legislation was in effect.

The parties were essentially on equal footing. Both were knowledgeable and experienced in real estate transactions. Every fact necessary to be known to form a correct conclusion as to the law was known to both Rylea and Breezewood.

There is no evidence of fraud, undue influence, misplaced confidence, concealment, or superior knowledge on the part of Breezewood.

In short, two business entities negotiated and concluded a transaction unaware of federal legislation that had been on the books for more than fourteen years.

Under these circumstances, the mistake was purely a mistake of law. Because the limited exceptions to the rule against granting equitable relief for mistake of law do not apply here, rescission is inappropriate.

Rylea argues that the mistake was a mistake of fact — namely, the purchaser's ability to construct houses on these ten lots. Admittedly, the parties anticipated that Rylea could and would build houses on these lots and resell them. Also, admittedly, Rylea's ability to do that has been affected by the discovery that federal wetlands legislation applies to these lots. But the focus of inquiry must be on the reason *why* Rylea's anticipated use of the lots may now be impeded. The reason is the wetlands legislation, and no other. Therefore, it is not enough to say that the parties were mistaken about Rylea's ability to build houses on the lots. The focus is narrower: Rylea's ability to build houses on these lots is affected by the wetlands legislation, a law of which Rylea was ignorant but must be charged with notice at the time of the transaction.

It is important to note that no representations or warranties with regard to the applicability of wetlands legislation or Rylea's ability to obtain § 404 permits were made by Breezewood. That fact, among others, distinguishes this case from *Miller v. Reynolds*, 216 Va. 852 (1976).

Further, the Court observes that the evidence does not support Rylea's contention that the existence of the wetlands legislation makes the lots unusable. Breezewood has negotiated with the Corps with respect to some of its lots in the subdivision, with favorable results, but Rylea has not engaged in negotiations. Nor has Rylea applied for the so-called § 404 permits. Therefore, while it is clear that Rylea has been impeded in real-

izing its exceptions, there is no evidence that it is completely stymied or that the lots are unusable and worthless.

For these reasons, the Court concludes that Rylea is not entitled to rescission.

## *Motion to Amend Pleadings*

After trial, Rylea moved the Court to allow it to amend its bill of complaint to include a prayer for specific performance of the parties' agreement. Rylea points to provisions in the agreement requiring an exchange of lots if, under certain circumstances, the lots originally selected by Rylea proved to be unusable.

Breezewood objects to the motion to amend, arguing that it comes too late. Rylea asserts that no additional evidence is necessary because the evidence adduced at trial is sufficient to support specific performance, and, therefore, Breezewood would not be prejudiced by the amendment.

At trial, the issue was whether the transaction should be rescinded on the ground of mistake. Breezewood defended that claim. The Court focused its attention on that claim. Under these circumstances, a suit for rescission on the ground of mistake cannot be amended after all the evidence has been presented so that the moving party can seek a completely new and distinct remedy. In fact, specific performance is the counterpart of rescission. In the one instance, the plaintiff acknowledges an agreement and seeks to compel its performance; in the other, the plaintiff repudiates the agreement and seeks to undo it and return the parties to the status quo ante.

Accordingly, Rylea's motion to amend its bill will be denied.

## *Conclusion*

The equitable relief of rescission sought by Rylea must be denied for the reasons explained above. Rylea's motion to amend its bill will be denied and the suit dismissed.